UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   CHARLES EDWARD LINCOLN, III,                     No. 26-10131-j11

Debtor.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>DENYING ORAL MOTION FOR STAY UNDER FED. R. BANK. P. 5011(d)</u>**

On May 31, 2026, Debtor filed Debtor's Motion to Withdraw Order of Reference Pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Civil Procedure ("Motion to Withdraw the Reference" – Doc. 76), which included a request to cancel the final hearing on the United States Trustee's Motion for Determination the Automatic Stay Does Not Apply Pursuant to 11 U.S.C. § 362(b)(4) or, in the Alternative, Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1) ("Stay Motion" – Doc. 14), set for the next day, Monday, June 1, 2026, at 9:30 a.m. At the outset of the final hearing on the Stay Motion, Debtor made an oral motion under Fed. R. Bankr. P. 5011(d) to stay proceedings (the "Rule 5011(d) Motion"), including the final hearing on the Stay Motion, pending the United States District Court's ruling on the Motion to Withdraw the Reference.

Notwithstanding the Debtor's filing of the Motion to Withdraw the Reference and oral Rule 5011(d) Motion, the Court held the final hearing on the Stay Motion as scheduled. At the conclusion of the hearing, the Court took the Stay Motion and the Rule 5011(d) Motion under advisement and stated that, if the Court granted the Rule 5011(d) Motion insofar as it relates to the Stay Motion, the Court would not rule on the Stay Motion during the pendency of the Rule 5011(d) stay. Having considered the Rule 5011(d) Motion in light of the grounds asserted in the Motion to Withdraw the Reference, the Court will deny the Rule 5011(d) Motion.

DISCUSSION

*The Relief Sought in the Motion to Withdraw the Reference*

It appears from the Motion to Withdraw the Reference that Debtor seeks to withdraw the reference of:

1.      The Stay Motion;

2.      Debtor's Combined Motions:

> (a) For Further Findings of Fact and Conclusions of Law,
> (b) To Amend or Alter Judgment, and
> (c) For Relief from Judgment (DE #54, entered May 11, 2026) Pursuant to Rules 9023 and 9024: Debtor's Motion to Disqualify Daniel A. White & Mary L. Johnson is not Moot

> (the "Motion for Reconsideration" – Doc. 65), which seeks relief from the Court's Order Denying Motion to Disqualify as Moot (Doc. 54);

3.      Issues relating to the procedural aspects of the final hearing on the Stay Motion (*i.e.,* that Debtor should have been given an opportunity to present *Touhy* witnesses at the final hearing on the Stay Motion); and

4.      What Debtor characterizes as the "illegal" "intra-circuit transfer" of Debtor's bankruptcy case from United States Trustee Region 20 to United States Trustee Region 19 (which appears to relate to Debtor's arguments regarding disqualification of attorneys Daniel White and Mary Johnson, attorneys for the United States Trustee).

Debtor also asserts in the Motion to Withdraw the Reference that the automatic stay under 11 U.S.C. § 362 should remain in place so he may apply for coverage under the "Anti-Weaponization Fund." Finally, the prayer for relief in the Motion to Withdraw the Reference requests the District Court to "cancel" the final hearing on the Stay Motion, and requests that no further proceedings take place regarding the Stay Motion or any other action taken by United States Trustee Ilene J. Lashinsky, or her attorneys, Daniel White or Mary L. Johnson in Adversary Proceeding No. 24-1011-j.

-2-

*The District's Court's Automatic Referral to the
Bankruptcy Court and the Withdrawal of that Reference*

Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The United States District Court for the District of New Mexico has automatically referred "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11" to the bankruptcy court.[1]

Section 157(d) governs withdrawal of such reference of a "case" or "proceeding" to the bankruptcy court. It provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

"Case" in 28 U.S.C. § 157 means the entire bankruptcy case. Subsections (b) and (c) of § 157 divides "proceedings" referred to the bankruptcy court under § 157(a) into two categories: core proceedings and non-core proceedings.[2] Core proceedings and non-core proceedings are

---

[1] Administrative Order, Misc. No. 84-0324, filed March 19, 1992. All other federal district courts likewise have an administrative order or local rule automatically referring all cases and proceedings under Title 11 to the bankruptcy court. 1 *Norton Bankr. L. & Prac.* 3d § 5:1 Background ("In practice, however, every district court has referred bankruptcy cases and proceedings to the bankruptcy court units of the districts."); *In re Maggard*, No. 02-84136-SSM, 2007 WL 3390009, at *2 n.3 (Bankr. E.D. Va. Nov. 9, 2007) ("[E]very district court in the country has, either by standing order or local rule, referred all bankruptcy cases and proceedings to the bankruptcy judges for the district . . . .").

[2] Section 157(b) lists sixteen examples of core proceedings. In general, a core proceeding is a proceeding involving a claim created or determined by a provision of the Bankruptcy Code or that has no independent existence outside of bankruptcy (such as matters involving the administration of the bankruptcy estate). *See Rigon v. Europakids Preschool, LLC (In re Rigon),* BAP No. WW-25-1072-CNG, 2026 WL 993795, at *7 (9th Cir. BAP Apr. 13, 2026) (explaining what constitutes a "core" proceeding) (citing *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010)). Non-core

-3-

adjudicated in adversary proceedings and contested matters, which are the proceedings subject to withdrawal of the reference under 28 U.S.C. § 157(d). An *issue* arising in an adversary proceeding or contested matter does not itself constitute a "proceeding" in 28 U.S.C. § 157(a), and, therefore, is not separately subject to withdrawal of the reference. [3]

An adversary proceeding is commenced by filing a complaint or removing a civil action to bankruptcy court. Fed. R. Bank. P. 7003 and 9027. A contested matter[4] typically is commenced by filing a motion in a bankruptcy case, but filing certain objections may also commence a contested matter, such an objection to a proof of claim or to the allowance of a claim of exemptions.[5] A contested matter encompasses all issues to be decided to resolve the motion or objection that initiated the contested matter, including motions filed in the contested matter pursuant to Rules of Civil Procedure that apply in contested matters pursuant to Fed. R. Bank. P. 9014(c) and other rules referenced therein. For example, a motion to compel or for sanctions under Fed. R. Civ. P. 37, made applicable to contested matters by Fed. R. Bankr. P. 9014(c) and Fed. R. Bankr. P. 7037, relating to discovery taken in a contested matter does not commence a separate contested matter. It is part of the litigation within a contested matter. Another example is a motion filed pursuant to Fed. R. Civ. P. 59(e), made applicable in

---

proceedings are proceedings that are not core proceedings and are related to the bankruptcy case because the outcome of the proceeding could conceivably have an effect on the bankruptcy estate. *Rigon*, 2026 WL 993795, at *7 (citing *Fietz v. Great W. Sav. & Loan Ass'n (In re Feitz)*, 852 F.2d 455, 457 (9th Cir. 1988)); *McIntyre v. Active Energies Solar, LLC (In re McIntyre)*, BAP No. CO-22-004, 2022 WL 17999539, at *3 (10th Cir. BAP Dec. 30, 2022), *aff'd sub nom. McIntyre*, No. 23-1052, 2024 WL 3633837 (10th Cir. Aug. 2, 2024); *In re Windhaven Top Ins. Holdings, LLC*, 636 B.R. 596, 609 (Bankr. D. Del. 2021) (same).

[3] *Cf. Giese v. Lexington Coal Co. (In re HNRC Dissolution Co.*, 585 B.R. 837, 845 (6th Cir. BAP 2018), *aff'd*, 761 F. App'x 553 (6th Cir. 2019) (explaining that a "proceeding" under 28 U.S.C. § 1334(c)(2) refers to the entire adversary proceeding before the Court, not to discreet claims within the adversary proceeding).

[4] "Contested matter" is not defined in the Bankruptcy Code.

[5] *See* Fed. R. Bank. P. 9014; *In re Hawthorne,* 326 B.R. 1, 3 (Bankr. D.D.C. 2005) (identifying contested matters initiated by an objection and not commenced by a motion).

-4-

bankruptcy cases by Fed. R. Bankr. P. 9023, requesting the court to alter or amend a final order resolving a contested matter. Such a motion does not itself commence a separate contested matter.

Section 157(d) provides for both mandatory and permissive withdrawal of a case or proceeding referred to the Bankruptcy Court. 28 U.S.C. § 157(d). Mandatory withdrawal of the reference is limited to cases and proceedings where "substantial and material" consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding.[6] Permissive withdrawal of the reference for "cause shown" requires consideration of a well-established, seven-factor test: (1) whether the proceeding is a core or noncore bankruptcy proceeding; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand.[7]

---

[6] *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) ("[W]ithdrawal should be granted only if the current proceeding could not be resolved without 'substantial and material consideration' of the non-Code federal law." (quoting *In re White Motor Corp.* 42 B.R. 693, 704 (N.D. Ohio. 1984))); *Collins v. Rushmore Loan Mgmt. Servs., LLC (In re Collins)*, Adv. No. 22-1025, 2023 WL 10449674, at *1 (Bankr. S.D. Ala. Aug. 8, 2023) ("Mandatory withdrawal is only compelled if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law." (quoting *In re Small*, No. 11-00384, 2011 WL 7645816, at *1 (Bankr. S.D. Ala. Nov. 22, 2022))); *see also Lashinsky v. Lincoln*, U.S. District Court Case No. 24-cv-00949-DHU-KK, Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 11), at p. 5, adopted by the District Court in a Memorandum Opinion and Order (Sept 18, 2025) (Doc. 23) with an exception not material here. The Magistrate Judge's Proposed Findings and Recommended Disposition, as adopted by the District Court, is referred to as the "PFRD." A copy of the PFRD and the District Court's order adopting the PRFD is filed in Adversary Proceeding No. 24-1011-j as Doc. 95 and Doc. 95-1.

[7] PDFR at 8. *See also Com. Fin. Servs., Inc. v. Bartmann (In re Com. Fin. Servs., Inc.)*, 251 B.R. 414, 427 (Bankr. N.D. Okla. 2000) ("Generally, in determining whether the alleged 'cause' is sufficient to warrant withdrawing the reference of the matter to the bankruptcy court, district courts should consider factors such as 'judicial economy, convenience, and the particular court's knowledge of the facts,' promoting uniformity and efficiency of bankruptcy administration, reducing forum shopping, and conserving debtor and creditor resources, as well as whether the parties are entitled to a jury trial, and whether the claims are 'core' bankruptcy proceedings." (quoting *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992))).

-5-

Procedures for withdrawing the reference are governed by Fed. R. Bankr. P. 5011. Pursuant to Fed. R. Bankr. P. 5011(a), "[a] motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) must be heard by a district judge."

*Requirements to Obtain a Stay of Proceedings Pending the District Court's Decision on a Motion to Withdraw the Reference*

The filing of a motion to withdraw the reference "does not stay proceedings in a case or affect its administration" except that "a bankruptcy judge, may, on proper terms and conditions, stay a proceeding until the motion is decided." Fed. R. Bankr. P. 5011(c).[8] A party seeking to withdraw the reference may request a stay pending the outcome of the motion to withdraw the reference under Fed. R. Bankr. P. 5011(d). Ordinarily, such request is first made to the bankruptcy judge. *Id.*[9] The party requesting a stay under Fed. R. Bankr. P. 5011(d) bears the burden of proving that a stay pending the outcome of the district court's determination of a motion to withdraw the reference is appropriate.[10]

"[T]he moving party must demonstrate: the likelihood of prevailing on the merits, *i.e.,* that the pending motion to withdraw the reference will be granted; that the movant will suffer irreparable harm if the stay is denied; that the other party will not be substantially harmed by the stay; and that the public interest will be served in granting the stay."[11] Finally, consistent with the

---

[8] *See also Miller v. Vigilant Ins. Co. (In re Eagle Enters., Inc.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001) ("Bankruptcy Rule 5011(c) provides explicitly that proceedings are not stayed when a motion to withdraw the reference is filed unless the court so orders." (citing *In re Perfect Home, LLC*, 231 B.R. 358, 360 (Bankr. N.D. Ala. 1999))).

[9] If the request for a stay pending the outcome of a motion to withdraw the reference is first made to the district court, "the motion must state why it was not first presented to or obtained from the bankruptcy judge." Fed. R. Bankr. P. 5011(d).

[10] *Eagle Enters.*, 259 B.R. at 86. (citing *In re TJN, Inc.*, 207 B.R. 499, 501 (Bankr. D.S.C. 1996)); *see also The Antioch Co. Litigation Trust v. Morgan (In re The Antioch Co.)*, 435 B.R. 493, 496 (Bankr S.D. Ohio. 2010) (same); *In re Iturbe*, No. CV 23-9857-KK, 2025 WL 43276, at *5 (C.D. Cal. Jan. 7, 2025) (same).

[11] *In re Solomon*, No. 25-56148-PWB, 2025 WL 2157909, at *1 (Bankr. N.D. Ga. July 29, 2025) (citations omitted); *see also Antioch Co.*, 435 B.R. at 497 (same).

-6-

plain language of the rule, granting a stay pending the outcome of a motion to withdraw the

reference "should be the exception—not the general rule."[12]

> *Debtor is not Entitled to a Stay Pending the District Court's*
> *Decision on the Motion to Withdraw the Reference*

Debtor has failed to meet his burden of demonstrating that a stay pending the outcome of

the Motion to Withdraw the Reference is appropriate. Defendant has not demonstrated a

likelihood that the District Court will grant the Motion to Withdraw the Reference with respect to

the contested matters or the other issues identified in the Motion to Withdraw the Reference.

First, the Stay Motion seeks a determination that the automatic stay does not apply under

11 U.S.C. § 362(b)(4), or, in the alternative, relief from the automatic stay under 11 U.S.C.

§ 362(d). Mandatory abstention does not apply to withdrawal of the reference of the contested

matter initiated by the filing of the Stay Motion. These statutory provisions are part of the

Bankruptcy Code. They are defined as "core" matters. *See* 28 U.S.C. § 157(G). The bankruptcy

court determines on a regular basis the scope of the automatic stay and whether relief from the

automatic stay should be granted, Such determinations fall within the Bankruptcy Court's area of

specialized expertise.[13] Further, the District Court has determined that resolution of the matters

currently at issue in the adversary proceeding that is the subject to the Stay Motion does not

require "substantial and material" consideration of non-Bankruptcy Code federal statutes.[14] The

---

[12] *Antioch*, 435 B.R. at 497.

[13] *See Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009) ("Section 362, which establishes the automatic stay, 'is the central provision of the Bankruptcy Code.'" (quoting *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991))); *In re Mid-City Parking, Inc.*, 332 B.R. 798, 804 (Bankr. N.D. Ill. 2005) (observing that the automatic stay "is 'central' because § 362(a) is considered the primary means by which Congress, through its grant of plenary power, has chosen to centralize the control over and administration of bankruptcy cases in bankruptcy courts." (citing *Gruntz v. Cnty. of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079-80 (9th Cir. 2000))).

[14] PDFR at 5-6, adopted by the District Court. *See* note 6, *supra*.

Debtor has not shown that District Court is likely to withdraw the reference with respect to the Stay Motion and thereby assume a core function of the bankruptcy court.

Second, the Motion for Reconsideration requests the Court to reconsider under Fed. R. Civ. P. 59(e), and grant relief under subparagraphs (1), (4), and (6) of Fed. R. Civ. P. 60(b) from, the Order Denying Motion to Disqualify in which the Court denied Debtor's motion to disqualify attorneys Daniel White and Mary Johnson from representing the United States Trustee in this bankruptcy case and from prosecuting the Stay Motion.[15] The Motion for Reconsideration asks this Court to correct what Debtor argues are errors made in the Court's ruling denying the Motion to Disqualify. Ordinarily, an appellate court does not consider whether a lower court erred when there is a motion pending before the lower court asking it to correct errors in its ruling.[16] The litigant's recourse is to await the lower court's decision on the Rule 59(e) or 60(b) motion, and if the litigant is not satisfied with the decision, to seek a review of that decision by filing an appeal. The same principle applies to withdrawal of the reference. Debtor's recourse is not to seek withdrawal of the reference before the decision on the motion to reconsider is made.

Both with respect to the relief sought under Rule 59(e), which did not itself initiate a separate contested matter, [17] and to the extent the Motion for Reconsideration initiated a separate contested matter by seeking relief under Rule 60(b), the Court finds that Debtor has not shown

---

[15] *See* Debtor's Notice of Verified Ex-Parte Application for a Temporary Restraining Order to Enjoin Daniel A. White from Presiding over the 341 Meeting in this Chapter 1 pending Resolution of Debtor's Herein Amended Motio to Disqualify Attorneys White and Johnson ("Motion to Disqualify" – Doc. 10).

[16] *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) ("A district court should have the opportunity to correct alleged errors in its dispositions [when a motion to reconsider is filed]."); *Warren v. Am. Bankers Ins. of Fla.,* 507 F.3d 1239, 1245 (10th Cir. 2007) ("[T]he purpose of Rule 59 is to provide the district court with an opportunity to correct its own errors" before an appeal is filed); *Gregory v. Wabeke (In re Gregory),* 5 F.3d 546, *3 (10th Cir. 1993) (Table) (same with respect to Rule 60).

[17] The Motion for Reconsideration, insofar as it is a motion to alter or amend under Rule 59, did not initiate a separate contested matter but instead raises an issue in the contested matter initiated by the filing of the Motion to Disqualify. An issue raised in a contested matter is not itself a "proceeding" for which the reference can be withdrawn without withdrawing the reference as to the entire contested matter. *See* notes 3, 5, and 5, *supra*., and the accompanying text.

that the District Court will likely withdraw the reference. If this Court denies the Motion for Reconsideration or Debtor otherwise is not satisfied with the decision, the Debtor may seek a review of that decision by filing an appeal.

The remaining issues identified in the Motion to Withdraw the Reference appear to relate to procedural concerns about witnesses Debtor contends he should have been allowed to present at the final hearing on the Stay Motion; the impropriety of the "intra-circuit transfer" of this bankruptcy case from Region 20 to Region 19, which appears to underlie Debtor's disqualification arguments; and reasons why the automatic stay under 11 U.S.C. § 362 should remain in place with respect to Adversary Proceeding No. 24-1011-j.[18] Those are not contested matters (proceedings) for which the reference can be withdrawn pursuant to 28 U.S.C. § 157(d) but instead are issues that have arisen in contested matters. It is unlikely the District Court will withdraw the reference with respect to particular issues that may arise in a contested matter

In sum, Debtor has failed to demonstrate that the District Court likely will withdraw the reference to with respect to the contested matters initiated by the filing of the Stay Motion or the Motion to Disqualify or to decide particular issues.

WHEREFORE, IT IS HEREBY ORDERED that the Rule 5011(d) Motion is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: June 9, 2026

---

[18] The Court notes that Mr. Lincoln has already unsuccessfully sought to withdraw the automatic reference of Adversary Proceeding No. 24-1011-j. *See* Adversary Proceeding No. 24-1011-j – Doc. 30 and Doc. 95.

COPY TO:

Michael Tusken
Attorney for Debtor
1510 W. Whittier Blvd., #42
La Habra, CA 90631

Mary L. Johnson
Daniel White
Attorneys for United States Trustee  re: Stay Motion
PO Box 608
Albuquerque, NM 87103

Case 26-10131-j11    Doc 84    Filed 06/09/26    Entered 06/09/26 16:35:45 Page 10 of 10